## In the Matter of Spring Garden Street.

## Norris's Appeal.

1. The Court of Quarter Sessions of Philadelphia set aside the report of a jury assessing damages for widening a street, on a ground not supported by any exceptions filed. *Held* to be error.

2. The Act of May 3d 1869, requires the Supreme Court to revise a decree of the Quarter Sessions of Philadelphia setting aside the report of a jury assessing road damages, if it do not expressly appear on the record, that the decree was made in pursuance of an exception sustained by the court below.

March 22d 1869. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Certiorari to the Quarter Sessions of *Philadelphia:* No. 305, to January Term 1869.

Appeal of Richard Norris.

Upon the petition of Richard Norris, the Court of Quarter Sessions appointed a jury to assess the damages to be sustained by him by the widening of Spring Garden street in Philadelphia, in pursuance of a joint resolution of the city councils. The jury reported that they awarded damages as follows: to Richard Norris, $40,500; to Matthews & Moore, $32,500; to Thomas Potter, $20,000; in all $93,000, of which, they awarded that $74,761.37, should be paid by the city, and that the balance should be paid by the owners of property in the vicinity benefited by the widening of the street, in the proportions named in the report; among whom were the trustees of Mary Ann Palairet, against whom the jury assessed $1975, of the damages awarded by them.

Exceptions to the report were filed by Matthews & Moore, Thomas Potter, Richard Norris and others; the exceptions by Richard Norris being afterwards withdrawn. No exceptions were filed on behalf of the city. None of the exceptions were sustained by the Court of Quarter Sessions, but the court set aside the report of the jury on the ground that there was no such necessity for the widening of the street, as would warrant the payment of so great an amount of damages by the city.

Richard Norris appealed, and assigned for error the setting aside of the report of the jury.

*James E. Gowen,* for Richard Norris, cited Act of June 13th 1836, § 16, Pamph. L. 566; Id. § 1, Purdon 871; Id. § 76, Purdon 881; Act of March 16th 1866, Purdon 1444, Pamph. L. 224; Act of March 3d 1867, Pamph. L. 420; Act of April 21st 1855, Purdon 882, pl. 113, Pamph. L. 266; City *v.* Dickson, 2 Wright 247; Act of April 13th 1854, Purdon 882, pl. 111, Pamph. L. 360.

[Norris's Appeal.]

*W. H. Rawle*, for the trustees of Miss Palairet, cited Act of April 21st 1855, *supra;* Act of April 21st 1858, Purdon 883, pl. 119; Act of April 1st 1864, Purdon 1375, Pamph. L. 206; Sower *v.* The City, 11 Casey 231; Smedley *v.* Erwin, 1 P. F. Smith 450; In re Williams Street, 19 Wendell 681; In re Canal Street, 11 Id. 154; In re William and Albany Streets, 19 Id. 678; In re Flatbush Avenue, 1 Barb. 286; Nickols *v.* City of Bridgport, 23 Conn. 204; Tidewater Co. *v.* Coster, 3 C. E. Green 518.

*James Lynd*, for the city of Philadelphia.

The opinion of the court was delivered, October 9th 1869, by

AGNEW, J.—The proceeding in the court below, was simply for the assessment of damages. The widening and opening of Spring Garden street, had been ordered by the city councils, under the provisions of the Act of 21st April 1855, Brightly, p. 882, pl. 113. This gave a right to the property-owners affected by the proceeding to apply for damages: Sower *v.* City of Philadelphia, 11 Casey 231, and Large *v.* City, in note to the same; The City *v.* Dickson, 2 Wright 247. The only questions which could come before the Court of Quarter Sessions, were those relating to the assessment for damages, excepting questions of irregularity in the proceedings. The only exception to the regularity of the proceeding, was held by the court below to have been waived. Of the remaining exceptions, some were withdrawn, and the others were not passed upon, but the court proceeded to set aside the report of the jurors, on the ground that a large part of the damages had been assessed upon the city of Philadelphia. No exceptions had been filed by the city, but the court held that gross injustice would be done by a confirmation, and that all the damages should be paid by the adjacent property-owners, who are benefited by the widening and opening of the street. This was not the unanimous judgment of the court.

The road and street laws of Philadelphia, in some respects, are peculiar, and unlike the provisions for other parts of the state. Giving to the Act of 13th April 1854, § 1, Brightly 882, pl. 111, the interpretation its provisions seem to require, now made imperative by the Act of 3d May 1869, Pamph. L. 1247, the court erred in setting aside this report, on a ground unsupported by any exceptions filed. The Act of 1854 directs that if no exceptions be filed to the report of any jury, in any road, street or alley case in Philadelphia, at the next term after the filing of the report, the same shall be final and absolute.

This is interpreted by the Act of 1869, and the court is forbidden to set aside the report, unless upon some exception filed; and the Supreme Court is directed, in cases pending, to revise the

[Norris's Appeal.]

decree of the Quarter Sessions, and remand the case for further proceedings if it do not expressly appear in the record that the order setting aside the report was made in pursuance of an exception, sustained by the court below.

The proceeding for damages is expressly embraced in the law. In this view, the court below erred, in setting aside the report without an exception on part of the city to the assessment of damages against her.

Supplemental opinion.

Since the filing of the opinion in this case, our attention has been called to the Act of 1st April 1864, Brightly 1375, pl. 3, 4, 5, not cited in the paper-book of Norris's Appeal. That act supplies the Act of 21st April 1858, § 5, Brightly 883, pl. 119, in reference to the payment of damages, by the city of Philadelphia, and the report of the jury was evidently made under it. We, therefore, withdraw the latter part of the opinion, in reference to the Act of 1858, and modify the decree.

> And now, November 3d 1869, the court having reconsidered and recalled its opinion in this case, open the decree made on the 19th of October last, and modify the same; and it is now, therefore, ordered and decreed, that the decree of the Court of Quarter Sessions, setting aside the report of the jury, be reversed, and the report reinstated, and that the record be remanded to the said court, for further proceedings thereupon according to law.

> By the Court.