# Appeal of The Central Railroad Company of New Jersey.

1. It is essentially requisite to the validity of proceedings had in the Quarter Sessions for the laying out of a road, that the record should show that notice was duly served on the owners through whose land the road is laid out, and that either releases had been obtained from them or the damages sustained, if any, ascertained.

2. If a land-owner in such case be a corporation it must appear of record that notice was served in the mode provided by statute.

3. In the absence of the above stated requirements, the court should, on the application of an owner, set aside the confirmation of the report of viewers.

March 7th 1882.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

CERTIORARI sur appeal, by the Central Railroad Company of New Jersey, from an order of the Court of Quarter Sessions of Northampton county, dismissing the petition of the appellant, and refusing to set aside the order of confirmation of the reports of viewers appointed to lay out and alter the route of a road in Palmer township. Of July Term 1881, Nos. 37, 38.

The material facts of the case, as they appeared from the record, are fully stated in the opinion of this court. The error assigned was the refusal of the court below to set aside the viewers' reports.

*W. S. Kirkpatrick* and *Edward J. Fox*, for the appellants

*Francis H. Lehr*, *M. H. & R. I. Jones* and *William Mutchler*, for the appellees.

Mr. Justice GREEN delivered the opinion of the court, April 3rd 1882.

These are two appeals by The Central Railroad Company of New Jersey from decrees laying out, and changing the route of, a public road, located across and upon its land and tracks in Northampton county. The allegations of the appellant are set forth in a petition to the Quarter Sessions asking to open or strike off certain precedent proceedings, under which the road in question had been laid out and ordered to be opened. The petitioner complained that no notice of the proceedings had been served upon The Central Railroad Company of New Jersey, and that no damages had been assessed to that corporation on account of the occupancy of its land and premises. As we can take no cognizance of depositions in such cases, our examination must be confined to the state of the record as it appears before us. The record commences with a petition for the opening of a public road in Palmer township. It is in the usual form, mentions only the beginning and ending points, and describes none of the land over which the proposed road is to pass. The order to viewers corresponds in this respect with the petition. The return of the viewers describes a road, one of the courses of which extends " across the Lehigh and Susquehanna division of the Central Railroad of New Jersey, south fifty-nine and one-half degrees, east seventy-seven feet to land of William Firmstone's estate." This is the first mention of The Central Railroad Company of New Jersey as a party interested as an owner or occupant in the proceedings. In the same return of viewers damages are awarded as follows, " to Lehigh and Susquehanna Division of the Central Railroad of New Jersey, ten dol-

lars." It is unnecessary to comment upon the character of such an assessment of damages, because the report of viewers was practically set aside and annulled by the subsequent proceedings, but it is manifest that the assessment should have been made to the corporation and not to a portion of its road. After the first report was filed and confirmed absolutely, the proceedings were opened at the instance and on the petition of a land-owner who alleged he had never been notified, and that the damages awarded to him were inadequate, and still later another petition was presented signed by several of the land-owners asking for the change of a part of the route of the road as first returned. On this petition a new set of viewers was appointed who made the report which was finally confirmed. In this last petition no mention is made of The Central Railroad Company of New Jersey, and the only reference that could have any relation to it is in the recital of one of the courses of the road proposed to be changed, which is described as follows " south fifty-nine and a half degrees, east seventy-seven feet crossing the Lehigh and Susquehanna Railroad." The order merely repeats this description. The return of the viewers to this order changes the route of the proposed road in several of its courses and amongst others describes one as follows " thence south sixty-four degrees and thirty-five minutes east one hundred and forty-seven feet, crossing the Lehigh and Susquehanna Railroad tracks at grade." Nothing whatever appears in the report relative to The Central Railroad Company of New Jersey, and no assessment of damages is made to it. Ten dollars damages are assessed to the Lehigh Coal and Navigation Company though for what reason does not appear. No connection between that company and The Central Railroad Company of New Jersey is stated in the report or in any previous part of the proceedings.

It is quite apparent from this recital that no inference of service of notice of the view under the second petition can be drawn from the general statement in the report, that five days notice was given to the owners and occupants of the land through which the road passes, because The Central Railroad Company of New Jersey is nowhere described as such owner or occupant. But if it were described as an owner or occupant no damages are assessed to it and no release of damages from it is returned with the report. In this state of the record it is manifest that the proceedings are fatally defective and should have been set aside. The invalidity of such proceedings is fully established by the following cases : Neeld's Road, 1 Barr 355 ; Boyer's Road, 1 Wr. 257 ; Road in Lancaster City, 18 P. F. S. 396 ; Road in Cogan House Township, 7 W. N. C. 257.

An affidavit is returned with a copy of a notice of the view addressed to the appellant, in which the deponent, Valentine

[Appeal of Central R. R. Co. of New Jersey.]

Mutchler, says that, " he served a true and correct copy of the foregoing notice on the Central Railroad Company of New Jersey." But as the manner of service is entirely omitted from the affidavit, it is impossible to know whether the appellant was ever notified in any mode which the law can recognize. The deponent may have supposed that a service upon a track-walker or. a laborer was sufficient, and made his affidavit upon that theory. The mode of serving notices and process upon a corporation is designated by statute and must be pursued. In all returns of such service the manner of the service must appear so that the courts may judge of its sufficiency. The affidavit of service of notice of the first view is still more defective. The deponent Emanuel Ritter states that he served a copy on " Samuel Newmeyer for Lehigh and Susquehanna Railroad Company." It does not appear that Samuel Newmeyer was an agent or any species of officer of the Lehigh and Susquehanna Railroad Company, or any other than a total stranger, and it is very certain that the corporation named is not the Central Railroad Company of New Jersey. The Act of 22nd March 1817, §5, 1 Purd. Dig. 286, pl. 24, provides that " all notices whatsoever may, when a corporation is a party in any suit, be served on the president or other principal officer or cashier or secretary or. chief clerk of such corporation." Whether this Act, or the Act of March 21st 1849, be applicable, the service must be upon some person who is a representative of the corporation, designated in the Act, and that fact must appear in the return or affidavit of service. This record fails entirely to show any such service and therefore does not disclose that The Central Railroad Company of New Jersey had any notice of either the first or second view or of any assessment of damages, and this defect is fatal.

> The orders of confirmation are reversed and all the proceedings are dismissed and set aside at the cost of the appellees.