Clara E. Uhler, Executrix and Trustee of Taylor M. Uhler, deceased, *v.* John K. Cowen and Oscar G. Murray, Receivers of the Baltimore and Ohio Railroad Company.

*Landlord and tenant—Eminent domain—Condemnation of portion of leased premises—Affidavit of defense.*

In an action for rent an affidavit of defense which avers that a portion of the leased premises had been taken by the municipal authorities under the power of eminent domain is sufficient to prevent judgment.

Argued March 29, 1898.    Appeal, No. 445, Jan. T., 1897, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1897, No. 501, making absolute a rule for judgment for want of a sufficient affidavit of defense.    Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Assumpsit for rent.    Judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are set forth in the opinion of the Supreme Court.

*Error assigned* was the order of the court making absolute a rule for judgment.

*W. H. Addicks*, with him *W. B. Linn*, for appellants.—The doctrine of Dyer v. Wightman, 66 Pa. 425, has never been limited by any authoritative or ruling decision in Pennsylvania, so as to confine it to cases where the whole estate of the landlord was taken.    This principle applies pro tanto to any part taken; a jury must determine to what extent: Fisher v. Milliken, 8 Pa. 111; Biddle v. Hussman, 23 Mo. 597; Kingsland v. Clark, 24 Mo. 24; Barclay v. Picker, 38 Mo. 143; David v. Beelman, 5 La. Ann. 545; Commissioners v. Johnson, 66 Miss. 248; Mills on Eminent Domain (1st ed.), sec. 69; Lewis on Eminent Domain, sec. 483; Workman v. Mifflin, 30 Pa. 367;

Gillespie v. Thomas, 15 Wend. 467; In re Streets, 19 Wend. 684; Ware v. Regent's Canal Co., 7 Eng. Railway Cases, 780; Kingsland v. Clark, 24 Mo. 24; Stubbings v. Evanston, 136 Ill. 37; O'Brien v. Ball, 119 Mass. 28; Parks v. City of Boston, 15 Pick. 198.

Appellant's view is sustained by the general law of contracts: Butterfield v. Byron, 153 Mass. 519; Taylor v. Caldwell, 3 B. & S. 826; Lord v. Wheeler, 1 Gray, 282; Mfg. Co. v. Butler, 146 Mass. 82; Bank v. Beal, 141 Mass. 566; Dexter v. Norton, 47 N. Y. 62; Walker v. Tucker, 70 Ill. 527; Page v. Wight, 14 Allen, 182; Lorillard v. Clyde, 142 N. Y. 456; People v. Globe Mut. Life Ins. Co., 91 N. Y. 174.

*John G. Johnson*, with him *T. A. Fenstermaker*, for appellee. —The taking of a portion of demised premises under the power of eminent domain does not relieve a tenant from his covenant to pay rent: Pingrey on Real Property, sec. 548; Washburn on Real Property, * 342; Parks v. City of Boston, 32 Mass. 198; Stubbings v. Evanston, 136 Ill. 37; Gluck v. Mayor, etc., of Baltimore, 81 Md. 315: Dobbins v. Brown, 12 Pa. 75; Schuylkill, etc., Co. v. Schmoele, 57 Pa. 271; Lewis v. Jones, 1 Pa. 336; Sanderson v. Haverstick, 8 Pa. 294; Paul v. Carver, 24 Pa. 207; Grier v. Sampson, 27 Pa. 183; Haldeman v. R. R. Co., 50 Pa. 425; Lance's App., 55 Pa. 26; R. R. Co. v. Johnston, 59 Pa. 294; Phillips v. R. R. Co., 78 Pa. 180; Newell v. Gibbs, 1 W. & S. 496; Lamson v. Clarkson, 113 Mass. 348.

The tenant's surrender of possession of the whole premises to the city was a violation of his duty towards the landlord: Breuckmann v. Twibill, 89 Pa. 58; Auer v. Penn, 99 Pa. 370; Teller v. Boyle, 132 Pa. 56; Ashhurst v. Phonograph Co., 166 Pa. 357; Lane v. Nelson, 167 Pa. 602.

The tenant is bound by his covenant to pay the rent, and his remedy for damages, if any are sustained, is provided by statute: Dyer v. Wightman, 66 Pa. 425; R. R. Co. v. Getz, 113 Pa. 214; Borough v. Gollings, 101 Pa. 293; Parks v. City of Boston, 32 Mass. 198; R. R. Co. v. Johnston, 59 Pa. 294; Emmes v. Feeley, 132 Mass. 346; O'Brien v. Ball, 119 Mass. 28.

OPINION BY MR. JUSTICE McCOLLUM, July 19, 1899:

This is an appeal from a judgment entered for want of a sufficient affidavit of defense. The action was brought for rent

for the quarter beginning January 1, 1897, and ending April 1, 1897, on a lease, executed April 9, 1887, for pier No. 11 on the east side of Delaware avenue in the city of Philadelphia, for a term of ten years. The affidavit of defense admits the lease and the nonpayment of the rent claimed, and also the liability for the rent accrued up to January 26, 1897, but seeks to escape liability for the balance, on the ground that the city of Philadelphia, on October 26, 1896, notified the plaintiff that at the expiration of three months from that date that portion of the plaintiff's property " lying within the bed of Delaware avenue as established between Vine and South streets," would be required for public use, and that, in addition, the plaintiff's property would be entered upon to the extent required for construction purposes. The plaintiff promptly communicated this notice to the defendants, who, in compliance with it, on January 26, 1897, surrendered possession of all the demised premises to the city of Philadelphia.

If the whole of the demised premises had been taken by right of eminent domain it is conceded, under the authority of Dyer v. Wightman, 66 Pa. 425, that there could be no recovery. Does a different rule obtain when a part only of the premises is taken? As the precise point does not seem to be answered by our decisions, the solution must be sought by reason and analogy. The reasons advanced for the decision in Dyer v. Wightman, supra, are not that there was a destruction of the premises or an eviction by title paramount, but that under the equitable powers of the court there was a complete and adequate remedy which protected all interests and prevented circuity of action. Nearly every reason advanced for the decision in that case applied with equal force in this. The appellees seek to establish a different rule in the case in hand, but no reason is suggested that might not have been urged in Dyer v. Wightman. The main reliance of the appellees is on decisions of other states, several of which were apparently repudiated by Justice SHARSWOOD, in his opinion in the case above referred to. While it is stated in the opinion of the court in Stubbings v. Evanston, 136 Illinois, 37, that the weight of authority is in favor of the rule urged by the appellees, neither Mills nor Lewis in their learned works on eminent domain adopt such distinction. The same rule for both cases is adopted by both writers: Mills, sec. 69;

Lewis, sec. 483. The logic of Dyer v. Wightman seemingly leads to the same conclusion. See also 29 American Law Review, 351.

We do not propose at this stage of the case to enter into an elaborate discussion of this important subject. We prefer to have before us all the facts developed by the evidence on a trial of it. The notice served by the city on the plaintiff defined that portion of his property required for public use, but it did not define the boundaries of that portion of his property which it is proposed to occupy for construction purposes. Under this notice the city may have terminated the operations of the defendants under the lease. We think the affidavit was sufficient to prevent judgment, and that the defendants should have been allowed to present the evidence on which they base their defense.

Judgment reversed and procedendo awarded.