## Uhler *v.* Cowen, Appellant.

*Landlord and tenant—Condemnation of portion of demised premises—Road law—Act of April* 21, 1855, *P. L.* 266.

Where under the Act of April 21, 1855, P. L. 266, which authorizes a city to open a street on three months' notice to the property owner, the city notifies a landlord that at the expiration of three months the city will require certain demised premises for public use, and that the property will be entered upon to the extent required for construction purposes, and this notice is served by the landlord on the tenants, the tenants may remove from the premises in pursuance of the notice given them, and their liability for rent ceases at the expiration of three months from the date of the notice.

In such a case the right of action for damages accrues to the landowner immediately on receipt of the notice, and he may proceed forthwith to have his damages assessed, and nothing can arrest the progress of the proceedings, except an abandonment by the city of its intention to widen the street, and even in case of abandonment the city will be liable to the owner for any damages he may have sustained.

Argued March 28, 1901. Appeal, No. 32, Jan. T., 1901, by defendants, from judgment of C. P. No. 4, Phila. Co., June T., 1897, No. 501, on verdict for plaintiff in case of Clara E. Uhler, Executrix and trustee under the will of Taylor M. Uhler, Deceased, v. John K. Cowen and Oscar G. Murray, Receivers of the Baltimore & Ohio Railroad Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit for rent.

The facts appear by the opinion of the Supreme Court.

The following point was reserved:

It is agreed by the counsel representing the plaintiff and the defendant that the jury shall render a verdict in favor of the

plaintiff for $1,665.35, subject to the question reserved as to whether the plaintiff is entitled to recover, in view of the notice which was served by the city upon the plaintiff, a copy of which was sent by the plaintiff to the defendant, in view of the fact that the city did not actually take possession of the property until March 15, 1898, and did not enter security for the protection of the owner of the property until January 18, 1898.

In case the point reserved is decided in favor of the plaintiff, judgment will be entered for the full amount of the claim. In case the point reserved is decided in favor of the defendant, a judgment will be entered in favor of the plaintiff for $485.40.

The court entered judgment for plaintiff on the point reserved.

*Error assigned* was in entering judgment for the plaintiff on the point reserved.

*W. B. Linn*, for appellant.—Damages should be assessed as of the date of the expiration of the notice : Large v. City, 35 Pa. 231 (note) ; In re Sedgeley Ave., 88 Pa. 509 ; City v. Dyer, 41 Pa. 463 ; Whitaker v. Phœnixville Borough, 141 Pa. 327 ; City v. Dickson, 38 Pa. 247.

When a street is finally established, the party whose land has been taken is entitled to payment although the street has not been opened : Kimball v. Rockland, 71 Me. 137 ; Phila. v. Dickson, 38 Pa. 247 ; Kent v. Wallingford, 42 Vt. 651.

A tenant is an owner under our statutes providing for the assessment of damages due to the exercise of eminent domain : P. & R. R. R. Co. v. Getz, 113 Pa. 218.

*John G. Johnson*, with him *T. A. Fenstermaker*, for appellee. —The mere notice is not a taking : Schuylkill Nav. Co. v. Thoburn, 7 S. & R. 411 ; Brower v. Philadelphia, 142 Pa. 350.

A taking is conditioned by the filing of a bond or the confirmation of the award of a jury of view : In re Sedgeley Ave., 88 Pa. 512 ; Sower v. Phila. 35 Pa. 231 ; Hannum v. Borough of West Chester, 63 Pa. 479 ; Norris v. Phila., 70 Pa. 334 ; In re Thirty-ninth Street, 10 W. N. C. 384.

The equity of the case is against appellants : Franklin Street, 14 Pa. Superior Ct. 403 ; Wood v. State Hospital for the Insane, 164 Pa. 159 ; Fischer v. Catawissa R. R. Co., 175 Pa. 554 ; Norris v. Phila., 70 Pa. 334 ; Justice & Co. v. Phila., 169 Pa. 505.

OPINION BY MR. JUSTICE MESTREZAT, May 13, 1901:

Taylor M. Uhler, plaintiff's testator, by an agreement dated April 9, 1887, leased to the Baltimore and Ohio Railroad Company Pier No. 11 situate on the east side of North Delaware avenue in the sixth ward of Philadelphia, being 140 feet front and extending to the Delaware river. The term was ten years from April 1, 1888, at an annual rental of $5,500 payable quarterly. The lessee took possession of the premises in pursuance of the lease and used them for discharging cargoes and possibly for other purposes.

An ordinance of the city of Philadelphia was approved March 11, 1895, by which it was ordained " that the department of public works be and is hereby authorized and empowered to notify the owners of property over and through which Delaware avenue, to its full width as now laid down on the city plan, from Vine to South streets, will pass, that at the expiration of three months from the date of said notice, said street will be required for public use." On October 28, 1896, the following notice dated October 26, 1896 was served on Taylor M. Uhler by the city : " This is to notify you that by authority of the ordinances of councils, approved March 11, 1895, March 31, 1896, and October 6, 1896, the city of Philadelphia, at the expiration of three months from the date of this notice will require for public use that portion of your property lying within the bed of Delaware avenue as established between Vine and South streets. In addition, your property will be entered upon to the extent required for construction purposes." A copy of this notice was served on the defendants by the plaintiff on November 12, 1896, and in pursuance thereto they vacated the premises on or about January 26, 1897, being within three months of the date of the notice. The city filed its bond in the court of quarter sessions to secure payment of plaintiff's damages on January 18, 1898, and entered upon the premises on March 18, 1898. The width of Delaware avenue as it existed upon the city plan prior to the present proceeding to widen it, was fifty feet, but in pursuance of the ordinances relative thereto, it was made 150 feet wide. On the application of the plaintiff, viewers were appointed by the court of quarter sessions to assess her damages on October 4, 1898. They made their report on June 30, 1899, awarding her $17,597 and added thereto this statement: " This sum includes

any and all claim for rent against the lessee of the premises at the time of the taking and is intended to operate as a release to the tenant of any obligation therefor." The plaintiff appealed from this award.

This action was brought June 5, 1897 to recover the sum of $1,375 with interest for the quarterly rent alleged to be due April 1, 1897. The defendants admit their liability for the rent which accrued up to January 26, 1897, when they surrendered possession of the premises in accordance with the city's notice of October 26, 1896, served on them by the plaintiff. At the trial the court reserved the question of the defendants' liability for the residue of the quarter's rent, but subsequently entered judgment in favor of the plaintiff on the reserved question.

The proceedings to widen Delaware avenue were taken under the Act of April 21, 1855, P. L. 266. This act authorized the city to open a street on three months' notice to the property owner who "may forthwith petition the court of quarter sessions for viewers to assess the damages which said owner may sustain by the opening of such street; and if the same be not paid within one year, may sue said city for the recovery thereof."

When this case was here before on an appeal by defendants from the judgment of the court below in entering judgment against them for want of a sufficient affidavit of defense, the present chief justice in reversing the court below said: "If the whole of the demised premises had been taken by right of eminent domain it is conceded, under the authority of Dyer v. Wightman, 66 Pa. 425, that there could be no recovery. Does a different rule obtain when a part only of the premises is taken?" Uhler v. Cowen, 192 Pa. 445. At the subsequent trial of the cause it was conceded, and if not, it was abundantly proven, that the portions of the pier not taken by the city were of no value to the defendants, and hence the whole of the demised premises has been taken. As said by SHARSWOOD, J., in Dyer v. Wightman, p. 428, "The damages awarded thus taking the place of the land, the relation of landlord and tenant is extinguished, and all the covenants growing out of that relation are necessarily at an end." The learned court below held, however, that there was no interference by the city with the possession of the premises by the defendants, and that un-

der the contract between the lessor and the lessees the rent was recoverable.

As we have seen, the notice by the city to the plaintiff was in pursuance of the act of 1855. It was dated October 26, 1896, and notified the plaintiff that at the expiration of three months the city would require for public use the premises, and further, that his property would be entered upon to the extent required for construction purposes. This notice was served by the plaintiff on the defendants, and hence it became a notice from the former to the latter to vacate the premises on or before the expiration of three months from October 26, 1896. The city having ordained the widening of the street could, at any time after the three months' notice, have taken possession of the premises, if the damages had been paid or secured. The act of 1855 authorized the owner to proceed forthwith upon the receipt of the notice to have his damages assessed. The object of the notice was to enable the owner to procure an assessment of the damages: City v. Dickson, 38 Pa. 247. It was within his power to proceed at once and have his damages assessed before the expiration of the three months, and prior to the actual taking by the city. If he delayed taking such action, it did not prevent the city from entering upon and taking his property after having secured the damages. After the three months had expired the tenure of the plaintiff was uncertain, and his title divested for all practical purposes. Mr. Justice STRONG, in City v. Dyer, 41 Pa. 470, thus describes the rights of the owner and of the city under the circumstances : " Such occupation can be but permissive, at all times subject to the paramount rights of the public. The land cannot be built upon or improved, except at the hazard of the improver, and it is worthless for sale. Its principal value has been taken away by the ordinance directing the street to be opened, and the city has acquired the right to enter at will." Such is the true status of the parties in a proceeding of this character under the act of 1855. It is a taking of the land for which the owner is entitled to damages, unless the proceedings are discontinued before he has his damages ascertained or the property has been actually taken.

The action of the city made the tenure of the lessees equally indefinite and uncertain. The contract between them and the

lessor did not protect them from immediate ouster at the will of the city on the expiration of the notice. Why, therefore, should they be required to await the pleasure of the city in taking actual possession of the premises ? This case well illustrates the reason why a contrary construction should be given the act of 1855. The pier was used as a freight terminal on the Delaware river by the defendants' railroad company. To vacate the property and to secure another by which the business might be continued, necessarily involved considerable time. The defendants were therefore compelled to act immediately when they received the notice, and to arrange for the transfer of their business to another pier, or take the chances of immediate dispossession and of consequent great business loss. It is no sufficient answer to say that the damages the defendants might sustain as tenants of the premises could be assessed under the statute. The measure of a tenant's damages in such proceedings is the value of the term subject to the rent. He is entitled to compensation according to his interest : Philadelphia and Reading Railroad Company v. Getz, 113 Pa. 218. If they had refused to comply with the notice, the responsibility would have been theirs and not the city's. They had a right to presume that the notice was given in good faith and that the city intended to act in accordance with it.

That the right of action for damages accrued to the plaintiff on the receipt of the notice is evident from the provisions of the act of 1855 and of the Act of May 23, 1891, P. L. 109. This latter act bars a recovery for damages unless an action is brought within six years from the date of the notice. The act of 1855, as we have seen, permits the owner to proceed to have his damages ascertained when the notice is served. The owner, therefore, had the right on service of the notice to proceed forthwith to have his damages assessed, and nothing could arrest the progress of the proceedings except an abandonment by the city of its intention to widen the street. A final judgment in his favor would have been conclusive against the city, and it would have been compelled to pay the judgment, though the ordinance for opening the street had been subsequently repealed : Myers v. Boro. of South Bethlehem, 149 Pa. 85. If the proceedings had been abandoned at any time after the notice, the court would

have imposed conditions upon the city, and it would have been responsible to the owner for any damages he had sustained.

We think the defendants were justified in removing from the premises in pursuance of the notice given them and that their liability for rent ceased at the expiration of three months from October 26, 1896. This is just and equitable to them and does no injury to the owner of the premises. The act of 1855 gave him an immediate remedy to obtain full compensation for the injury he sustained. The report of viewers shows that the sum awarded the plaintiff included all claim for rent against the defendants at the time the premises were taken. The city is not in a position to complain, as the vacation of the premises by the defendants was in pursuance of its notice that at the expiration of the period therein named the property would be required for public use and would be entered upon to the extent required for its purposes. The plaintiff's right of action then accrued, and the act of 1891 required him to pursue it within six years from the date of the notice. It follows that the court below erred in entering judgment against the defendants for the full amount of the rent claimed by the plaintiff.

The judgment is reversed, and judgment is entered on the case stated in favor of the plaintiff and against the defendant for the sum of $485.40, the costs of this appeal to be paid by the plaintiff.