## Whitby Avenue.

*Road law—Opening streets—Statute of limitations—Notice.*

In 1890 councils of the city of Philadelphia passed an ordinance authorizing the opening of a street on the city plan, upon three months' notice to the property owners. An affidavit of the service of the notice filed of record contained the following: "And upon each of the following named persons by leaving a copy of said notice at the place of residence with an adult member of the family; Baptist Orphanage with a nurse or servant on premises, Angora." Subsequently in the same year the city entered its bond. Twelve years afterwards the Baptist Orphanage presented a petition for the appointment of a jury of view to assess damages. The court quashed the petition. On certiorari the record did not disclose that any evidence had been taken as to the fact or the date of the notice. *Held,* (1) that there was no adjudication by the court below based upon evidence that notice was given more than six years before the petition was filed; (2) that the question of notice was not res adjudicata because (*a*) the notice required by the ordinance was not essential to the jurisdiction of the court to approve the bond, and (*b*) the court had no jurisdiction of the orphanage, a corporation, by reason of a copy of the notice having been served on a servant or a nurse; (3) that although the orphanage was estopped by filing its petition to deny that the notice contemplated by the Act of April 21, 1855, P. L. 264, was given, it did not thereby admit that it was given at any particular time, and hence there was no conclusive presumption that it was given six years before the presentation of the petition.

The limitation required by the Act of May 23, 1891, P. L. 109, begins to run from the date of the notice contemplated by the Act of April 21, 1855, P. L. 264, and not from the date of the ordinance, nor from the date of the approval of the bond.

Argued Oct. 23, 1902. Appeal, No. 155, Oct. T., 1902, by the Baptist Orphanage, from order of Q. S. Phila. Co., quashing petition for appointment of viewers in the matter of Whitby Avenue. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Petition for appointment of viewers.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order quashing petition for appointment of viewers.

*J. Howard Gendell,* for appellant.

*James Alcorn*, with him *J. Lee Patton* and *John L. Kinsey*, for appellee.

OPINION BY RICE, P. J., April 20, 1903:

This is an appeal from an order of the quarter sessions of Philadelphia county quashing the petition of the Baptist Orphanage for an assessment of damages caused by the opening of Whitby avenue through its property.

It appears that the street was duly laid out and plotted upon the confirmed public plans of the city of Philadelphia and that on April 8, 1890, an ordinance was approved authorizing and directing the director of public works to notify the owners of property through and over which the street would pass that at the expiration of three months from the date of said notice their property would be required for public use, and authorizing the mayor to enter security for payment of damages which might be awarded, "so that said street may be opened at once."

On May 24, 1890, upon petition of the mayor setting forth that notice had been given as required by the ordinance, a rule returnable on June 7, 1890, was entered on registered owners to show why the city should not have leave to file its bond to secure payment of damages, and upon approval of the security "to enter upon and immediately open the said street to public use between the points named."

On June 6, 1890, affidavits of the publication of notice of the rule and of service of same on property owners were filed. The latter affidavit set forth that notice was served on certain property owners, naming them, personally, and as to others averred as follows: "And upon each of the following named persons by leaving a copy of said notice at the place of residence with an adult member of the family; Baptist Orphanage with a nurse or servant on premises, Angora."

On June 12, 1890, the court made the rule absolute and entered the following decree: "And now this 12th day of June, A. D. 1890, it is ordered, adjudged and decreed that the bond of the city of Philadelphia in the sum of $5,000 be and is hereby approved and directed to be filed herein and the director of public works is hereby authorized and directed to immediately enter upon and open Whitby avenue from Fifty-third street to Cobbs Creek in the      ward to public use."

On May 11, 1902, the Baptist Orphanage presented its petition setting forth that Whitby avenue "is being opened under and by authority of " the ordinance above referred to and that by authority of said ordinance " the city has entered upon and appropriated land of your petitioner " and praying for appointment of a jury for ascertainment of damages suffered by the petitioner.

On March 22, 1902, the city moved to quash the petition because, first, the ordinance was approved more than six years prior to filing the petition ; second, security was duly entered more than six years prior to filing the petition ; third, the time within which under the law a petition can be filed and any recovery had has expired ; fourth, the petitioner is without remedy and can have no recovery for any damages alleged to have been sustained.

On April 28, 1902, after hearing argument on the motion the court quashed the petition without opinion filed and from that order this appeal was taken.

Sec. 7 of the Act of April 21, 1855, P. L. 264, provides that whenever councils shall deem the public exigency to demand it, they may order by ordinance any street laid upon any of the public plans of the city to be opened, giving three months' notice thereof to the owner; whereupon any of the owners, whose ground will be taken by such street, may forthwith petition the court of quarter sessions for viewers to assess the damages which such owners may sustain by the opening of such street. It has been held that under the act of 1855 the city of Philadelphia is liable for damages which the owners of land may sustain by reason of the opening of public streets, where, in accordance with the provisions of the act, an ordinance has been passed for that purpose, and notice thereof has been given as is therein provided, although there has been no actual opening of the street: Philadelphia v. Dickson, 38 Pa. 247 ; Philadelphia v. Dyer, 41 Pa. 463 ; Norris's Appeal, 61 Pa. 422 ; Uhler v. Cowen, 199 Pa. 316. It is thus seen that if due notice was given in 1890 to the appellant, its right to have an assessment of damages accrued at that time although the street was not physically opened until 1902. It is claimed by counsel for the city that this right was barred by the Act of May 23, 1891, P. L. 109, which reads as follows: " That

petitions for the assessment of damages for the opening or widening of any street, road or highway, when the damages are not assessed by the view opening the road, may be filed in the court of quarter sessions within the period of six years from the confirmation of a report, or the entry of a decree opening the said street, road or highway, or within six years from the date of notice of the intended opening of the same, under an ordinance or resolution duly passed, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years." It is urged by counsel for appellant, first that this case is not within the operation of the act because the limitation runs from the date of notice of the intended opening of the street and no legal notice was given; second that the act is unconstitutional and void because it violates the provision of the second paragraph of sec. 21, art. 3, of the constitution, which reads as follows: "No act shall prescribe any limitation of time within which suits shall be brought against corporations for injuries to persons or property, or for other causes, different from those fixed by general laws regulating actions against natural persons, and such acts, now existing, are avoided."

We are not unmindful that our jurisdiction on this appeal, which in effect is but a certiorari, does not extend to a review of the decision of the quarter sessions of questions of fact. If, therefore, it appeared, or there were any grounds for presuming, that the court heard evidence as to the fact of notice to the appellant and the date of such notice, and based its decision on a finding therefrom that notice was given more than six years before the petition was filed, we would necessarily be compelled to accept that finding as conclusive. But it is not asserted by counsel for the city that the court had such evidence before it; nor is it necessarily to be presumed from the record. On the contrary, the fair inference from the record is that the court quashed the petition, either because it deemed the omission to set forth the fact and date of notice a fatal defect, or because in this proceeding the fact that notice was given more than six years before the presentation of the petition must be legally presumed from the adjudication of June 12, 1890, or because the appellant by presenting its petition under the act of 1855 must be deemed to have admitted that the

notice contemplated by that act and the ordinance of April 8, 1890, was duly given, or was estopped to deny that fact. It is thus seen that the question is one of law and is reviewable here. See Grieb v. Kuttner, 135 Pa. 281. The counsel for appellant is clearly right in his contention that the limitation prescribed by the act of 1891 began to run from the date of the notice contemplated by the act of 1855, and required by the ordinance of 1890, not from the date of the ordinance nor from the date of the approval of the bond; hence the first two reasons assigned in support of the motion to quash were not sufficient. Was the question of notice res judicata? Clearly not, for two reasons : first because the allegation in the petition upon which the rule of May 24, 1890, was entered that the notice required by the ordinance had been given was not essential to the jurisdiction of the court to approve the bond which was the only matter properly before the court at that time; hence the truth of that allegation cannot be said to have been conclusively adjudicated in that proceeding. But, second, if it was an essential allegation, it cannot be said that the truth thereof was conclusively adjudicated against a party who neither appeared nor was legally notified to appear in that proceeding; and we deem it too plain for argument that the court did not acquire jurisdiction of the appellant, a corporation, by leaving a copy of the notice of the rule with a servant or nurse at the orphanage. See Appeal of Central R. R. Co. of N. J., 102 Pa. 38, at p. 41.

The two other questions may be considered together. As already shown the petition sets forth the adoption of the ordinance, and alleges that pursuant thereto the city is opening the street and is appropriating appellant's land. This was sufficient to give the court jurisdiction to appoint viewers to assess damages, even though there was no affirmative allegation that the appellant's remedy was not barred by the act of 1891. It is true that, so far as appears therefrom, the city is proceeding in a lawful manner to open the street, which would not be the case if notice was neither given nor waived. At first blush there would seem to be inconsistency between the position assumed by the appellant in its petition in order to obtain an assessment of damages in the statutory mode, and the position assumed by its counsel in order to avoid the effect of the act of 1891,

and it is earnestly urged by counsel for the city that if notice was not properly served, the city is a trespasser, in which case appellant's remedy is an action of trespass and not a petition for a jury to assess damages. On the other hand, it may be said, and we think this is the true view, that although by the presentation of such petition the property owner estops himself to deny that the notice contemplated by the act of 1855 was given, or impliedly admits or waives it, he does not thereby admit that it was given at any particular time; hence there is no conclusive presumption in the present case that it was given six years before the presentation of the petition. It is thus seen that the question of the constitutionality of the act of 1891 does not necessarily arise in this stage of the proceedings, and we deem it advisable to postpone discussion and decision thereof until it shall arise in a case where it is necessary to decide it. It is sufficient for the present purpose to decide that it does not now appear that the appellant's right to damages and to an assessment thereof in the statutory mode had been barred at the time the petition was filed.

The order is reversed, the petition reinstated and the record remitted with a procedendo.

W. D. PORTER, J., dissents.