# Ehlers, Appellant *v*. Philadelphia.

*Road law—Damages—Tenant—Voluntary removal.*

Where a tenant on the line of a proposed street improvement in a city voluntarily removes from the premises without notice from an authorized agent of the municipality, and the city subsequently tears down the buildings on the demised premises, the tenant can recover no damages from the city for the loss of his tenancy.

Argued Jan. 4, 1912. Appeal, No. 190, Jan. T., 1911, by plaintiff from order of C. P. No. 4, Phila. Co., June T., 1908, refusing to take off non-suit in case of Julius C. Ehlers v. Philadelphia. Before Fell, C. J., Brown, Mestrezat, Potter, Elkin, Stewart and Moschzisker, JJ. Affirmed.

Appeal from award of jury of view. Before Auden-ried, J.

At the trial the court entered a compulsory non-suit which it subsequently refused to take off.

*Error assigned* was refusal to take off non-suit.

*Frederick H. Warner,* for appellant.—The plaintiff did not vacate his tenancy voluntarily but only as a consequence of a legal taking of the same by the city of Philadelphia: Uhler v. Cowen, 199 Pa. 316; Shipley v. R. R. Co., 216 Pa. 512.

Even if the tenant by remaining after the legal appropriation by the defendant became a tenant at will or at suffrance he would still be entitled to maintain this action. Philadelphia v. Dyer, 41 Pa. 463; Uhler v. Cowen, 199 Pa. 316.

*Percy C. Feger,* with him *Edgar Dudley Faries,* as-

sistant city solicitor, and *Michael J. Ryan,* city solicitor for appellee.—The date of service of the three months notice by the city of Philadelphia fixes the time of the taking of the property: DeHaven's Estate, 12 Pa. D. R. 680; Fries v. R. R. & Mining Co., 85 Pa. 73; Hoffman's App., 118 Pa. 512; Franklin Street, 14 Pa. Super. Ct. 403.

Any person is an owner within the meaning of the Road Laws of Pennsylvania, and thereby entitled to the notice contemplated, who has a tenancy in the land affected, whether that tenancy be in fee, for life or for years. Phila. & R. R. R. Co. v. Getz, 113 Pa. 214; Brown v. Powell, 25 Pa. 229.

If such an owner receives no notice to vacate he need not do so, and the Courts of this Commonwealth will restrain a municipality attempting to interfere with his possession. Large v. Philadelphia, 35 Pa. 231.

OPINION BY MR. JUSTICE MOSCHZISKER, February 5, 1912:

The refusal to take off the non-suit entered in this case is amply sustained by the following excerpts from the opinion of the learned trial judge:

"By an ordinance approved October 13, 1906, the City of Philadelphia directed the opening of the thoroughfare known as the Parkway northwestward from Logan Square to Spring Garden street and provided that notice should be given to the owners of the strip of land thus appropriated that at the expiration of three months that highway would be opened through their property. The Parkway has since been actually opened in that part of its course. At the time of the passage of this ordinance Julius C. Ehlers was the occupant of property known as No. 2211 Noble street, in which he carried on a laundry business. The building was owned by Seafried Brothers. On April 1, 1902, by a written lease, now lost, it had been let by its owners for the term of three years from that date, to Julius C. Ehlers and Wil-

liam C. Chryst, co-partners, trading as the Mechanics' Laundry, at a rental of $20 per month, the lessees paying the water rent and the cost of repairs. The lease provided that it should continue in force from year to year until one of the parties thereto should have notified the other six months prior to the end of the current year that the tenancy would then be terminated. Ehlers and Chryst held over after the expiration of their original term of three years, and on October 1, 1906, dissolved their partnership. The lease, with the machinery that the firm had installed in the premises demised, was orally assigned to Ehlers who continued to carry on the laundry business there, and who, thereafter, was recognized by Seafried Brothers as their tenant under the written lease they had given to his firm. Neither landlords or tenant ever signified to the other an intention that Ehler's occupancy of the property should cease on March 31, 1907."

"On October 15, 1906, a written notice, signed by the Chief of the City's Bureau of Highways and directed to Charles and Albert Seafried, informing them that at the expiration of three months from that date the Parkway would be opened through and over the ground owned by them, was left for them at number 2211 Noble street. No such notice was given to Ehlers either by the City or by his landlords. On April 1, 1907, however, the plaintiff moved from the Noble street building taking his machinery with him. This he did because he had been requested to do so by a party whose name he cannot give and whose connection with and authority to act for the city is not shown, but who seems to have been concerned in the tearing down of the adjacent house."

"We see in these facts no reason to disturb the judgment of non-suit entered by the trial judge. It is true that the building No. 2211 Noble street has been torn down by the city and a public highway constructed over the land on which it stood, but all this was done after

he voluntarily vacated the property on April 1, 1907. If, as he claims, Ehlers had the right under his lease to occupy that property for another year, that right must be regarded as abandoned when he moved out, or surrendered to the city which had acquired title to the fee by deed from the lessors. If the plaintiff chose to cease paying rent and remove from his holding, the City's action in entering upon it was not a taking in respect of which he is entitled to compensation. One cannot be deprived of what he has abandoned of his own free will."

"It is urged that the plaintiff's removal from the building on Noble street was not a voluntary one, but to say this is to ignore the facts. The notice from the Bureau of Surveys of the intended opening of the Parkway was intended for Seafried Brothers. No such notice was given by that Bureau to Ehlers; nor was he ever notified to quit by his landlords, as was the case in Uhler v. Cowen, 192 Pa. 443; 199 Pa. 316. The only demand that plaintiff move from the building occupied by him came from some unknown person, who, so far as was made to appear, had no authority on behalf of the city to threaten, as it is said he did, that unless Ehlers left it the house would be torn down on top of his machinery. This was not sufficient notice under the Act of April 21, 1855, sec. 7, P. L. 264 (Purdon's Dig. [13th Ed.] 2948), and, if there was nothing more, any interference by the city with Ehler's possession would, on proper application to the court, have been restrained by injunction: Large v. Philadelphia, 35 Pa. 231. There can be no doubt that the plaintiff acted precipitately, and moved before he was obliged to do so. Had he displayed less nervousness and waited for matters to take their due course, he might have been able to retain possession for the full period for which he says he was entitled to it. Be that, however, as it may,—the city found the Noble street property abandoned and tore it down. As its abandonment was not attributable to any demand on its part, it cannot be said to have deprived Ehlers of

his interest therein; and it, therefore, is under no liability to him."

A discussion of the first assignment of error is not necessary to the decision of this case; both assignments are overruled and the judgment is affirmed.