## Levine, Appellant, *v.* Horwitz.

278

Argued January 8, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*C. L. Cushmore, Jr.,* with him *White, Williams & Scott,* for appellants.

*Frank A. Simons,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, March 23, 1953:

The plaintiff-lessors confessed against the defendant a judgment for accelerated rent. On defendant's petition the court struck it off on the ground that the demised premises had been condemned by the United States of America prior to the confession.

The plaintiffs leased to the defendant the premises at 429 Walnut Street, Philadelphia, for a period of five years beginning the first day of November, 1950. The

lease contained the following clause: "In the event that the premises demised. . . is taken or condemned for a public. . . use, this lease shall, as to the part so taken, terminate as of the date title shall vest in the condemnor. . ."

On March 1, 1951, approximately four months after the letting, the United States filed a declaration of taking of the premises demised, and thereupon paid in an estimated compensation of $40,000 as compensation to the owners.[1] This condemnation was had under the Act of Congress of February 26, 1931, 46 Stat. 1421, 40 U.S.C.A., §258a, reading, inter alia: "Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, *title to the said lands in fee simple absolute. . .* shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States. . . The court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner." (Italics supplied).

Unquestionably "upon the filing said declaration of taking and of the deposit [of the estimated compensation] . . . title to the said lands in fee simple absolute. . . [would] vest in the United States of America." Since the subject matter of the lease was condemned, paragraph 22 of the lease came into operation, i.e., that the "lease shall. . . terminate as of the date title shall vest in the condemnor."

---

[1] Actually a number of pieces, including the premises in question, were condemned and the United States of America deposited $791,000 as estimated compensation, $40,000 of which was for the demised premises, Item A-3.

On October 29, 1951, the plaintiffs, without notice to the defendant, entered into a stipulation with the Government that "the sum of $35,500. . . plus the right of said owners, their lessees, successors and assigns, to continue to occupy said Parcel No. A-3 for a period of five years. . . is the just compensation to be paid by the Petitioner *for the taking and condemning of the full fee simple title to Parcel No. A-3. . .*" (Italics supplied).

On November 5, 1951, this was approved by the United States District Court, together with a further stipulation that the continued occupancy of the premises be subject to the following term: "9. Levines, or any transferee, lessee, or sublessee, shall have the right to terminate possession and vacate the premises and be relieved of all future obligations under the terms and conditions of this Agreement by giving notice to the United States thirty days in advance of such termination and vacation, and that in the event of such voluntary termination and vacation by Levines, or any person holding under them, the United States shall not be obligated or liable to make any payment for the unexpired period of occupancy and possession." The plaintiffs thereupon took the $35,500.

On November 29, 1951, the defendant-lessee gave written notice of the termination of said lease, effective on December 31, 1951, and on the same date gave notice by registered mail to the United States of America. The defendant then vacated and removed from the premises on December 31, 1951; whereupon the plaintiffs confessed judgment for $15,550 plus interest, being the amount of the accelerated rent for the balance of the term. Even without the specific provision of the lease relating to the rights of the lessee in the event of condemnation, the condemnation of the land for public use effected a termination of the existing lease: *Dyer*

v. *Wightman,* 66 Pa. 425; *Uhler v. Cowen,* 192 Pa. 443. See 3 A.L.R. (2d) 286, at page 329. Therefore the defendant was not bound to pay any rent following his removal from the premises.

Under date of November 29, 1951, the defendant, as lessee of the Levines, exercised his right to terminate possession and vacate the premises, by giving notice to the United States 30 days in advance of such termination. In addition thereto, the stipulation between the Federal Government and the Levines was not binding upon the defendant, Horwitz.

On December 19, 1951, by further stipulation with the Federal Government, the plaintiffs sought to amend paragraph 9 by eliminating the right of their lessees to terminate possession and to vacate the premises. But this was done after the defendant had served upon them and the United States notice of termination of the lease. It was also entered into without the knowledge, consent or approval of Horwitz, the defendant.

It therefore appears: (1) that the defendant, acting under clause 22 of the lease, had a right to terminate the lease by reason of the condemnation; (2) that the defendant had a right to terminate the lease regardless of clause 22 of the agreement; (3) that under the original stipulations, if binding, between the United States of America and the Levines, the defendant had the right to terminate this lease; and (4) the supplemental stipulation was entered into without defendant's knowledge or consent and after he had exercised his rights, and was not binding upon him.

The order of the court below is affirmed.