Amanda Messmore, use of I. L. Messmore, *v.* John Morrison, Administrator of the Estate of Joseph Morrison, Deceased, Appellant.

*Promissory note—Form of—Consideration—Seal—Interest.*

A promissory note under seal was as follows: "For value received five thousand dollars to pay A. M. or order five thousand dollars with interest at the rate of six per cent without defalcation or stay of execution." *Held* (1) that the instrument imported an undertaking by the maker for value received to pay A. M. or order the sum mentioned in it; (2) that interest should be computed from the date of the note.

*Promissory notes.—Demand—Action.*

A promissory note which mentions no time of payment is due forthwith, and an action may be maintained against the maker without any demand.

*Practice, C. P.—Trial—Admission of evidence.*

Where a party opposing the admission of evidence enumerates his objections, all that are not enumerated are waived: Lovett's Exrs. v. Mathews, 24 Pa. 330.

*Practice, S. C.*

After two trials of a case in the court below without a suggestion in any form that the execution of the note in suit by the defendant's intestate was not sufficiently proved, his representative has no standing to raise the question on appeal.

Argued Oct. 9, 1895. Appeal, No. 179, Oct. T., 1895, by defendant, from judgment of C. P. Greene Co., Jan. T., 1894, No. 128, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a promissory note. Before MESTREZAT, J.

The plaintiff offered in evidence the note, which was as follows:

"$50000     UNIONTOWN     For value received five thousand dollars to pay Amanda Messmore or order five thousand dollars with Interest at the rate of Six per cent without Defalcation or Stay of Execution Witness my hand and Seal this 11th day of September A. D. 1877

" Witness W. L. COLLINS     JOSEPH $\overset{\text{his}}{\underset{\text{mark}}{+}}$ MORRISON [SE] "

The defendant objected to the admission of the note, (1) on the ground that the paper referred to is not a bill or obligation of Joseph Morrison, deceased, upon which any action can be maintained; (2) that the instrument is fatally incomplete in this, there is no promise to pay on the part of Joseph Morrison to Amanda Messmore any sum of money.

Objection overruled and bill sealed. [1] .

The court charged as follows:

From the testimony in the case it appears that the attesting witness W. L. Collins is dead.  The plaintiff in order to prove the execution of this paper has offered the deposition of two witnesses, the brothers of W. L. Collins, who testify that they are well acquainted with the handwriting of W. L. Collins, and that they believe this signature to this paper to be genuine.

The defendant denies his liability on this instrument of writing.  First. Because no action will lie thereon.  And, secondly. Because if action could be maintained, prior demand is necessary, and was not made.

We don't think that either of these defenses is good.  And as the testimony as to the execution of this paper is not controverted we instruct you to find a verdict for the plaintiff for the amount claimed by him.  [6, 7, 8, 9]

Defendant's points were as follows:

1. The burden of proof is on the plaintiff to show that demand for payment of the paper or instrument upon which this suit was brought was made on Joseph Morrison in his lifetime, or upon John Morrison, his administrator, after the granting of letters of administration, and if the jury believe from the evidence that there was no demand made upon Joseph Morrison in his lifetime for the payment of the paper or writing upon which this suit was brought, and that no demand was made by the plaintiff of John Morrison, administrator of the said Joseph Morrison, deceased, for the payment thereof after the granting of letters of administration and before the bringing of this suit, the plaintiff cannot recover and the verdict of the jury should be for the defendant.  *Answer:* Refused. [2]

2. As the plaintiff relies upon a demand made on John Morrison for payment of the instrument upon which this suit was brought, the burden of proof is on the plaintiff to prove by clear and satisfactory evidence, to the satisfaction of the jury, that

said demand was made on John Morrison, administrator of Joseph Morrison, deceased; and even if the jury should be satisfied from the evidence that a demand was made of John Morrison on the day the letters of administration were granted to him, but before the granting of said letters of administration, the same would be no such demand as would entitle the plaintiff to maintain this action, and the verdict of the jury should be for the defendant. *Answer:* As no demand was necessary, this point is refused. [3]

3. That the writing or instrument given in evidence by the plaintiff is fatally incomplete in that it does not contain a promise on the part of Joseph Morrison nor any word or words which amount to a promise on the part of the said Joseph Morrison, nor synonymous with or equivalent to a promise to pay to Amanda Messmore $5,000, and therefore the said writing or instrument is unfinished and is void, and the verdict should be for the defendant. *Answer:* Refused. [4]

4. That under all the evidence in the case the verdict of the jury should be for the defendant. *Answer:* Refused. [5]

Verdict and judgment for plaintiff for $10,296.67. Defendant appealed.

*Errors assigned* were, (1) ruling on evidence, quoting the bill of exceptions; (2–9) above instructions, quoting them.

*A. A. Purman, W. H. Barb, Joseph Patton, F. W. Downey* and *R. F. Downey* with him, for appellant.—The court permitted the writing in question to be read to the jury without sufficient proof of its execution: 1 Best on Evidence, Morgan's ed. sec. 234; 1 Wharton's Law of Evidence, sec. 677.

The instrument in question is fatally incomplete, and is mere waste paper. As there is no promise contained in the instrument in question, there is no undertaking on the part of Joseph Morrison and without it no action can be sustained on the so-called single bill: Brown v. Gilman, 13 Mass. 157; Douglass & Dunn v. Wilkinson, 6 Wend. 637; Gibson v. Miner, 1 H. Black, 608; Ernst v. Steckman, 74 Pa. 13; Tomson v. Gordon, 72 Ala. 455; Krouskop v. Shontz, 51 Wis. 204; Bishop on Contracts, sec. 379.

Even if the court should interpret the writing in question as

a valid instrument, still as there is no time fixed for the payment of the $5,000, the time of credit allowed in said writing is contingent and therefore no action can be maintained thereon without showing a demand for payment before suit brought: Robson v. Godfrey, 1 Starkie, 220; Hall v. Toby, 110 Pa. 318; Rhodes v. Reed, 89 Pa. 436.

*James E. Sayers*, for appellee.—When a party opposing the admission of evidence enumerates his objections, all that are not enumerated are waived: Lovett v. Mathews, 24 Pa. 330.

Debts by specialty are such whereby a sum of money becomes or is acknowledged to be due by deed on an instrument under seal: 2 Blackstone, 465; January v. Goodman, 1 Dallas, 208.

The note had the ingredients of a promissory note: Davega v. Moore, 3 McCord, 482; Hussey v. Winslow, 59 Me. 170; Franklin v. March, 6 N. H. 364; Coursin v. Ledlie, 31 Pa. 509; Grant v. Da Costa, 3 M. & S. 351; 1 Randolph on Com. Paper, sec. 87; Addison on Contracts, 1000; Cummings & Manning v. Gassett, 19 Vt. 308; Harrow v. Dugan, 6 Dana, 341; Kountz v. Kennedy, 63 Pa. 187; Miller v. Reed, 27 Pa. 244.

As no time of payment was expressed in the note, the law adjudges the money to be payable immediately. A right of action accrued at once: Hall v. Toby, 110 Pa. 320.

A promissory note payable on demand, with or without interest, is due forthwith. There is no divided opinion here or in England that upon such a note, with or without interest, an action may be maintained against the maker without any demand, because it is due: Wheeler v. Warner, 47 N. Y. 519; Middleton v. Boston Locomotive Works, 26 Pa. 258; Rhoads v. Reed, 89 Pa. 438; McConeghy v. Kirk, 68 Pa. 202.

OPINION BY MR. JUSTICE McCOLLUM, January 6, 1896:

We think the writing in question fairly includes a promise by the maker of it " to pay Amanda Messmore or order five thousand dollars with interest at the rate of six per cent without defalcation or stay of execution." It expressly acknowledges the receipt of a consideration and it is under seal. It is payable forthwith because where no time is named for payment the law so decides. The natural inference from the language of the instrument is that the consideration passed from the payee

to the maker and that it consisted of a loan of the sum to be paid to her or her order as therein stated. The first mention of this sum is certainly reconcilable with such a construction of the obligation, and otherwise without significance. The instrument clearly imports an undertaking for value received to pay the plaintiff or order the sum mentioned in it, and the only reasonable inference from the language of it is that the party who executed it and received the consideration for the promise, by a plain implication included in it, is the party to pay in accordance with its terms.

The objection that the evidence does not sufficiently show the execution of the instrument by the Joseph Morrison whose estate is represented by the defendant comes too late. It was not made on the trial and the rule is that " where a party opposing the admission of evidence enumerates his objections, all that are not enumerated are waived:" Lovett's Exrs. v. Mathews, 24 Pa. 330.

After two trials of the case in the court below without a suggestion in any form that the execution of the note by the defendant's intestate was not sufficiently proven, his representative has no standing to raise the question on this appeal. We will add, however, that an examination of the evidence relating to the execution of the note shows that the objection now taken to its sufficiency is groundless.

The defendant contends that a suit cannot be maintained on the instrument in question without a previous demand upon him or the maker for payment of it. In considering this contention it is worthy of note that the husband of the plaintiff testified that before suit brought and after letters of administra-tion were issued to the defendant he demanded of him payment of the note, and payment was refused ; and further that this testimony was not contradicted by the defendant. But waiving consideration of the evidence on this point there was nothing shown which cast on the plaintiff the burden of submitting affirmative and direct proof of a demand before suit: Hall et al. v. Toby, 110 Pa. 318 ; McConeghy v. Kirk, 68 Pa. 200, and Rhoads v. Reed, 89 Pa. 436.

Interest on the sum to be paid to Amanda Messmore or order was properly computed from the date of the obligation and the claim that it should have been calculated from a later date has nothing to support it.

The matters to which we have referred constitute the material ingredients of the defense, and having duly considered them we are satisfied that they furnish no ground for reversing the judgment.

The specifications of error are overruled.

Judgment affirmed.