# Griffin *v.* City of New Castle, Appellant.

*Municipalities—Streets—Grading, damages—Time of approval—Statute of Limitations.*

The mere laying out of streets, and the establishment of their width and grade, is not a taking of the property of individuals by right of eminent domain. It is only when they are actually opened and applied to public use that the owners are entitled to receive com-

pensation; which is to be measured by the market value of the land as of the date of the actual taking, or the doing of some unequivocal act indicating that the possession of the owner was about to be disturbed.

In an action to recover damages incident to the grading of a street, the Statute of Limitations does not begin to run until there is an appropriation of the property. The effect of an ordinance laying out the street was to deny the owner any damages for any structure which might thereafter be erected within the limits of the located street.

The assessment of damages cannot be made until after the ordinance actually taking the land has been passed, and any action thereon may be commenced within six years of that time.

Argued April 19, 1926. Appeal No. 134, April T., 1926, by defendant, from judgment of C. P. Lawrence County, December T., 1923, No. 65, in the case of Mary Griffin v. City of New Castle. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from the award of Board of Viewers. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,150 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the charge of the Court, answers to points and refusal to grant a new trial.

*Robert White,* City Solicitor, for appellant.—The damages accrued when the original ordinance was passed: Navigation Co. v. Thoburn, 7 S. & R. 410; Cunningham v. Williamsport, 84 Pa. 472; Akers v. Philadelphia, 63 Pa. Superior Ct. 456; Rafferty v. Pittsburgh, 256 Pa. 82; Trust Co. v. Blankenburg, 241

Pa. 394; Whitman v. Reading, 191 Pa. 134; Shields v. Pittsburgh, 201 Pa. 328.

*James A. Chambers,* for appellee.—The damages accrued at the time of the physical change, not at the time when the enabling ordinance was passed: Thirteenth Street, 38 Pa. Superior Ct. 265; Howley v. Pittsburgh, 204 Pa. 428; Devlin v. Philadelphia, 206 Pa. 518; O'Brien v. Railroad Company, 119 Pa. 184; Change of Grade in Plan 166, 143 Pa. 414; Howell v. Morrisville Borough, 212 Pa. 349.

OPINION BY KELLER, J., July 8, 1926:

Since 1898 plaintiff has owned a house and lot fronting on Eastbrook Road, a street in the City of New Castle. As originally laid out the road was thirty-three feet wide. In 1909 the City Councils passed an ordinance fixing its width at forty feet, of which twenty feet should be on each side of a described center line, and establishing a grade, which in front of plaintiff's house was several feet higher than the original grade. Nothing was done towards the actual widening and grading of the road until June 6, 1921, when the City Council passed an ordinance providing for the opening and widening of said road between Croton Avenue and City Line (North Boundary) according to the width and location as fixed and established by an ordinance, approved January 18, 1909; and for the grading of said street or road, between said points; and for the payment of the damages, costs and expenses thereof. Pursuant thereto the street was widened and graded, resulting in the taking of some of the plaintiff's land and damage to her property.

On petition of the City Solicitor, based upon the Ordinance of 1921, viewers were appointed in January, 1922, to assess the damages, costs and expenses of said improvement upon the properties benefited, in the manner provided by the Act of May 16, 1891, P. L. 75.

Under the provisions of section 5 of said act the plaintiff's claim for damages sustained in the widening and grading of said street was presented to the viewers and not being satisfied with their award she appealed from said report to the Court of Common Pleas, where an issue was awarded and the case tried before a jury which rendered a verdict in her favor. The City appeals to this court from the judgment entered on that verdict.

The learned City Solicitor presents three grounds for reversing the judgment.

(1) He contends that under the Acts of May 16, 1891, P. L. 75, and May 26, 1891, P. L. 117, the damages should have been determined as of the date of the ordinance of January 18, 1909, which established the width and grade of the street, instead of the time when the improvement was actually made. Two things prevent our adopting this view. In the first place the case was tried in the court below on the theory that the correct date for ascertaining the plaintiff's damage—to be determined by the difference between the value of her property before and after the improvement—was when the street was actually widened and graded; and all of the witnesses on both sides testified on that basis. The City's third point was, "You must first determine in this case what the property would have sold for immediately before the street was graded and widened. You will then determine what it would have sold for immediately after the street was graded and widened; the difference in these amounts is the measure of damages to be allowed the plaintiff and the only one." This was affirmed, as was also plaintiff's seventh point, which was substantially the same, except that the correct term, "market value," was used instead of defendant's equivalent "what the property would have sold for." Appellant's after-thought on the subject of damages ought not to move this court to

sustain an assignment which in effect complains of the court's affirmation of its own point. But, in the second place, we are satisfied that the measure of damages adopted in the court below was correct. The appellant relies on the language of section 4 of the Act of May 16, 1891, supra, and on three decisions of the Supreme Court, Witman v. Reading, 191 Pa. 134, Shields v. Pittsburgh, 201 Pa. 328, and Chelten Trust Co. v. Blankenburg, 241 Pa. 394. We have given them careful consideration but do not think they require a reversal of this judgment.

Section 4 of the Act of 1891, supra, provides that viewers may be appointed "before or at any time after the entry, taking, appropriation or injury of any property or materials for constructing said improvement"; but it did not thereby change the long-established measure of damages in eminent domain cases nor make anything an injury entitling an owner to compensation which was not such under the then existing law: Thirteenth Street, 38 Pa. Superior Ct. 265, 274. Section 4, when considered with the rest of the Act, does not contemplate the appointment of viewers before the municipality has ordained the actual opening, widening, grading, etc., of the street, or taken other action amounting to an order to open, etc. The mere plotting or location of a street, or fixing or establishment of its width or grade does not justify the appointment of viewers in the absence of some exercise of authority on the part of the city looking to the actual opening, widening, grading, etc., of the street. This is apparent from section 7 with which it is closely related. After the ordinance has been passed providing for the opening, widening or grading of the street as located on the city plan or by previous ordinance establishing it, viewers may be appointed before any entry, taking, etc., under the ordinance, and if the cost of the improvement, as determined by the report of

viewers assessing damages and benefits, is more than the city can afford to pay it may by action taken within thirty days after the filing of the report, and prior to the entry upon, taking, appropriation or injury to any property, repeal the ordinance or discontinue the proceeding, and shall not thereafter be liable to pay the damages assessed but only the costs of the proceeding. The ordinance thus to be repealed or the proceeding discontinued, does not refer to the plotting or locating of a street on the city plan, or establishing its width or grade, but to the opening, widening and grading of the street thus located, fixed or established: Moravian Seminary v. Bethlehem, 153 Pa. 583, 589; Winter Ave., 23 Pa. Superior Ct. 353, 359; Black Street, 236 Pa. 395, 402. There is nothing in the cases relied upon by appellant which conflicts with this view. All three of them, it must be remembered, were concerned with parks or park boulevards, and not with ordinary streets, and were affected to some extent by provisions not applicable to the latter. This is pointed out in the recent case of Penna. Mut. Life Ins. Co. v. Cuyler, 283 Pa. 422, 426. In Witman v. Reading, supra, the park commissioners of the City of Reading in December 1895 surveyed and laid out a boulevard, marked on the ground by construction stakes, and submitted the route to city councils with the request that an ordinance be passed appropriating the land so marked out as the boulevard. Councils regularly adopted the proposed ordinance in April 1896 and the boulevard was constructed in September of the same year. The Witmans owned a stone quarry, shipment from which was made over an inclined railway built by them on leased land, which would be crossed and intercepted by the proposed boulevard. They were not financially able to adapt their railway to the crossing of the boulevard, and in consequence, between the passing of the ordinance and the actual construction of the road, they relet their property held under lease, including the

railway. The city contended they were not entitled to damages because they had parted with their lease before the road construction began; but the Court held that the case must be treated as if by virtue of their lease they had obtained property which had been injured by the construction of a public improvement, "as of the date of the taking of the property, which the undisputed facts show was the date of the municipal ordinance"; and that the construction of the boulevard related back to that date. The position of the plaintiffs, which was upheld by the Supreme Court, is very clearly stated in the argument of counsel (Cyrus G. Derr) on page 136 of the reported case.

In Shields v. Pittsburgh, supra, the City of Pittsburgh by ordinance of April 2, 1896—enacted under the provisions of the Act of June 26, 1895, P. L. 349—appropriated two lots belonging to Hogan, for park purposes. Before the lots were actually entered upon or the damages assessed, Hogan sold them to Shields, who paid him $2,500 cash and executed a mortgage for $2,500. The damages were assessed subsequently at $2,600, which were awarded to Shields. Hogan asked that the damages thus awarded be paid to him as the holder of the mortgage; but the Supreme Court, while recognizing that the appropriation constructively dated back to the date of the ordinance,—which constituted an actual appropriation—awarded the fund to Shields, as part compensation for Hogan's breach of the general warranty in his deed.

In Chelten Trust Co. v. Blankenburg, supra, the City of Philadelphia by ordinance approved July 27, 1911, selected and appropriated for park purposes land belonging to the plaintiff. The ordinance directed the mayor to enter security for the payment of damages that might be awarded by reason of such taking and thereupon possession of the land should be taken for public use; and the city solicitor was directed to begin and conduct the proceedings in the court of quarter

sessions for the assessment of damages for the said taking. The plaintiff asked for a writ of mandamus to compel the mayor to enter security and the city solicitor to institute proceedings for the assessment of the damages suffered by such taking and was sustained by the Supreme Court, which held that the plaintiff's land was practically taken when the ordinance appropriating it for park purposes was passed, and that when actually turned into a park the date of taking would relate back to the date of the ordinance. But the ordinances in all three of those cases were definite appropriations for park purposes, not the ordinary location of a street or establishing of its width; and if the cases have any application to this proceeding they refer to the ordinance of June 6, 1921,—which was practically coincident with the beginning of the work—not that of January 18, 1909. As to ordinances which merely locate a street or fix its width and grade, the rule enunciated in District of the City of Pittsburgh, 2 W. & S. 320, and continued without interruption in Volkmar Street, 124 Pa. 320; Whitaker v. Phoenixville, 141 Pa. 327; Plan 166, 143 Pa. 414; Howley v. Pittsburgh, 204 Pa. 428; Fitzell v. Phila., 211 Pa. 1; and South Twelfth Street, 217 Pa. 362, 365, is not abrogated or affected; that is, that the mere laying out of streets, and the establishment of their width and grade, is not a taking of the property of individuals by right of eminent domain; it is only when they are actually opened and applied to public use that the owners are entitled to receive compensation, which is to be measured by the market value of the land as of the date of the actual taking, or the doing of some unequivocal act indicating that the possession of the owner is about to be disturbed. See also Bush v. McKeesport, 166 Pa. 57; Ogden v. Phila., 143 Pa. 430; Jones v. Bangor, 144 Pa. 638; Clark v. Phila., 171 Pa. 30; Brower v. Phila., 142 Pa. 350, 357; Devlin v. Phila., 206 Pa. 518; Jamison v. Cumberland County, 234 Pa. 621, 626; Herman v. N. P.

R. Co., 270 Pa. 551, 553; Rowan v. Com., 261 Pa. 88, 93, 94. The distinction between these cases and those relied upon by the appellant is clearly set forth in Phila. Parkway, 250 Pa. 257; 260, 261; Rowan v. Com., supra; and Penna. Mut. Life Ins. Co. v. Cuyler, supra, p. 426.

(2) Appellant further contends that under the Act of May 23, 1891, P. L. 109 (No. 88), plaintiff's claim for damages caused by the taking of her land in the widening of Eastbrook Road is barred by the limitation fixed in said Act. It provides, "That petitions for the assessment of damages for the opening or widening of any street, road or highway, when the damages are not assessed by the view opening the road, may be filed in the court of quarter sessions within the period of six years from the confirmation of a report or the entry of a decree opening the said street, road or highway or within six years from the date of notice of the intended opening of the same under an ordinance duly passed, but not thereafter. All claims shall be forever barred after the expiration of the said period of six years." And that as the Act of May 26, 1891, P. L. 117 provides that the award of damages for the opening or widening of any street or highway in any city shall include all damages due to the grade at which the street or highway is to be opened, the damages due to change of grade are likewise barred. This is an ingenious proposition, but it falls with the contention just considered; for as we have shown, no petition for the assessment of damages in this case could have been presented until after the ordinance of June 6, 1921 was passed, which was the first appropriation of plaintiff's land in the widening of Eastbrook Road. Hence it is within the six year limitation. There was no taking of plaintiff's land by the ordinance of January 18, 1909; its only effect, as respects this plaintiff, was to deny her damages for any structure that might thereafter be placed on her lot within the lines

of the located street: Forbes Street, 70 Pa. 125; Bush v. McKeesport, supra. But it is also settled that the notice of the intended opening or widening of the street under an ordinance duly passed, referred to in the Act of 1891, P. L. 109 (No. 88), from which the six year limitation period begins to run, is such as is provided for by the Act of April 21, 1855, P. L. 264, sec. 7, relating to Philadelphia: Whitby Avenue, 22 Pa. Superior Ct. 526; Uhler v. Cowen, 199 Pa. 316; which is equivalent to an order to open: Phila. v. Dickson, 38 Pa. 247; and it did not appear in this case that any such notice was given the plaintiff by the city authorities under the ordinance of 1909, or prior to the institution of these proceedings.

(3) Appellant's third contention is that the photograph of plaintiff's house taken in 1918 ought not to have been admitted in evidence, because there was no proof that it was a correct likeness of the premises at the time the work on the ground was begun. Defendant's objection to the photograph at the trial was not based on that ground, but was limited to its "failure to show the different objects on the picture from the same perspective, [thus giving] a wrong idea of distance and heights." Appellant's own witness, Smith, testified that the picture showed the house and lot as he recollected it before the street was graded, which was no doubt understood as referring to the time just prior to the change on the ground. Had appellant interposed the objection at the trial which it now presents here, the testimony could no doubt have been easily supplied. In any event, when specific objections are made to the admission of evidence, all other objections are waived: Lovett's Executors v. Mathews, 24 Pa. 330; Messmore v. Morrison, 172 Pa. 300.

The assignments of error are overruled and the judgment is affirmed.