## In re Lower Moreland Township Ordinance

*Morris Gerber,* for appellants.
*Alfred L. Taxis, Jr.,* contra.

KNIGHT, P. J., August 1, 1951.—This appeal questions the validity of an ordinance passed by the Commissioners of Lower Moreland Township, a first class township in Montgomery County.

The Commonwealth of Pennsylvania, through the Attorney General, has intervened as a party.

The facts are not in dispute and we deem it unnecessary to state them except to say that appellants are the owners of substantial tracts of land in Lower Moreland Township and that much of their land fronts on existing and long established highways.

Appellants attack the validity of ordinance no. 11, entitled the Lower Moreland Subdivision Ordinance of 1950, approved June 12, 1950, and the land subdivision regulations adopted by resolution in accordance with the terms of the ordinance.

Appellants contend that the ordinance is invalid because it does not comply with the enabling act and

they also contend that some of the provisions of the regulations and of the enabling act are unconstitutional and hence void.

Authority to enact ordinances regulating subdivisions of land was conferred upon townships of the first class by the Act of May 31, 1947, P. L. 362. This act amended the Act of June 24, 1931, P. L. 1206, by adding after article XXX a new article, namely, article XXX(A).

Section 3061 of the Act of 1947, supra, empowered the township commissioners "to adopt by ordinance or resolution land subdivision regulations".

By the Act of May 27, 1949, P. L. 1955, the legislature revised the First Class Township Code of 1931, as amended, supra.

The Act of 1949, supra, reënacted section 3061 of the Act of 1947, supra, except that the words "or resolution" were eliminated so that the relevant portion of section 3061 now provides that the township commissioners are empowered "to adopt by ordinance land subdivision regulations". We will not discuss the reasons which moved the legislature to make this change for whatever the reasons may be it was clearly the intention of the law-making body that subdivision regulations could be adopted and promulgated by ordinance only.

That this procedure would cost the township more money is not a matter of our concern. The subdivision regulations of Lower Moreland Township were adopted by resolution of the commissioners after the Act of 1949 became effective.

The reference to the regulations in sections 3 and 4 of the ordinance is not in our opinion a compliance with the terms of the enabling Act of 1949, supra. The regulations were not adopted by an ordinance.

We are therefore of the opinion, and so declare, that the Lower Moreland Subdivision Ordinance of 1950 does not comply with section 3061 of the Act of 1949, supra, and must be stricken down as invalid.

We could, and perhaps should, stop here but as counsel have accentuated the importance of this case, the first of its kind in Pennsylvania, and have argued at length the constitutional questions involved, we will consider these questions.

Subdivision ordinances are a phase of community planning; they concern highways, recreation areas and public utilities and differ somewhat from zoning ordinances, which chiefly have to do with the use of land.

The purposes of subdivision and zoning ordinances are similar in that they both are designed to effect an orderly and comprehensive development of the community so that the public health, safety, morals and welfare may be best promoted. The policy behind the subdivision ordinance is clear. It enables a community through long range planning to provide for future growth. By this method a community can provide for adequate highways in an increasing automotive age without the prohibitive cost of acquiring the necessary property by condemnation. Subdivision ordinances and zoning ordinances are rooted in the police power of the State, which delegates to municipalities authority to make reasonable laws to promote the public health, safety, morals and welfare.

In exercising the police power private property of the citizen may be injured or depreciated in value or sometimes even destroyed and the owner is not entitled to compensation therefor. The right of eminent domain is the right to take private property for public use by compensating the owner for its value.

Situations arise in which it is difficult to determine whether the effect of an ordinance on property is a valid exercise of the police power or whether it is in

fact a taking of private property for the public use.

Appellants do not attack the constitutionality of the ordinance or the enabling act as a whole and we will not discuss that phase of the case except to say that in our opinion the subdivision of land, particularly as it applies to highways, utilities and recreation areas, has a definite relation to the public health, safety and welfare and reasonable regulations affecting such subdivisions are well within the police power of the State and may be delegated by the legislature to townships of the first class. Appellants, however, attack the constitutionality of the enabling act in several particulars.

Section 3066 of the enabling Act of 1949, supra, provides that all plans of subdivisions wherein lots abut existing streets of insufficient width must be approved by the board of township commissioners and paragraph (b) of the section provides that the commissioners shall not approve any subdivision plan unless all streets shown thereon shall be of sufficient width.

Appellants contend that this provision is unconstitutional because the act does not set up sufficient standards to guide the commissioners in determining whether an existing street is of sufficient width.

Paragraph (b), however, further provides that a street shall be of sufficient width "to accommodate the probable volume of traffic thereon, afford adequate light and air, facilitate fire protection, provide access of fire fighting equipment to buildings, and provide a co-ordinated system of streets conforming to the township's official plan of streets."

It is difficult to see how the legislature could be more specific in defining what is a road of sufficient width. The proper width of a highway depends on many variables, such as its relation to other highways, the character of the neighborhood through which it passes, the number of people it serves, as well as other factors

which must be considered. We are of the opinion that the act does set up sufficient standards for the determination of what is the sufficient width of a highway and that there is no merit in the contention of appellants that the act is unconstitutional on this ground.

The subdivision regulations of Lower Moreland provide that commercial streets and secondary roads must be 60 feet in width, residential streets and rural roads 50 feet in width.

Much of the land of appellants' fronts on old existing and established highways, which have been laid out and opened 33 feet wide by appropriate legal proceedings.

Appellants contend that if they desire to subdivide their land fronting on these existing highways they will be required to dedicate for public use a portion in depth of their frontage to make the street conform to the width required by the regulations, otherwise their plan of subdivision will not be approved. Appellants further contend that this is a taking of private property for public use without compensation.

An examination of the enabling Act of 1949 shows that it does not support these contentions. Paragraph (g) of section 3066 provides that when a subdivision plan has been approved by the board of commissioners or by the court on appeal, it shall be recorded within 30 days by the owner; paragraph (i) provides that the owner may designate on the plan whether streets, parks and other improvements are offered for dedication. Paragraph (j) provides that the streets, parks and other improvements shall be deemed to be a private street, park or other improvement until the same shall have been accepted by the township by ordinance or resolution or been condemned for public use. Since the caption of section 3066 reads, "Subdivisions wherein lots abut existing streets of insufficient width or proposed streets", it would certainly seem that the

provisions of the above cited paragraphs apply to the case of an existing street sought to be widened by a subdivision plan.

It follows that a subdivider is not compelled by the act to dedicate any of his land abutting on an existing highway, to the public use and would be in the same position as a nonsubdivider so·far as condemnation proceedings are concerned.

We are of the opinion that under the provisions of the Act of 1949, supra, as above set forth, we are not required to consider the constitutional question whether a subdivider can be required to dedicate land without compensation as an exercise of police power. It may be urged that a subdivider could be coerced to dedicate his land in order to have his plan approved.

Paragraph (*a*) of section 3066 provides, in part:

"Any party aggrieved by the decision of the board of township commissioners may appeal to the court of quarter sessions of the county as hereinafter provided."

This protects the owner from arbitrary and unreasonable action by the commissioners and if a subdivision plan were rejected solely because the owner insisted on his right to refuse to dedicate his land for public use, it might well be considered an abuse of discretion.

Section 3061 of the Act of 1949, supra, grants to commissioners of townships of the first class power to adopt by ordinance regulations for subdivisions including, inter alia, plans "for adequate open spaces for traffic, recreation, light and air . . .".

Paragraph (*h*) of section 3066 provides that when a plan of subdivision is approved by the commissioners the streets, parks and other public improvements shown thereon shall be considered to be part of the official plan of the township. Paragraph (*i*) provides

that the owner may note on the plan whether the improvements are or are not offered for dedication.

Paragraph (*j*) provides that streets, parks or other improvements shown on a subdivision plan shall be deemed to be a private street, park or improvement until such time as the same has been offered for dedication and accepted by the township or until it has been condemned.

By virtue of the authority conferred upon them by the Act of 1949, as above set forth, the Commissioners of Lower Moreland Township adopted by resolution paragraph 6 of the subdivision regulations, which provides:

"Whenever practicable, provision shall be made for suitable open spaces, for parks, playgrounds, and recreational areas. Due consideration shall be given to the preservation of natural features, including large trees, groves, water ways, scenic points, historic spots, and other community assets."

Appellants contend that under the authority of the act and the above regulation they can be required, if they wish to subdivide their land, to dedicate a portion of it for park or recreation purposes and that this would constitute in fact a taking of private property for public purposes without compensation.

The situation can best be explained by a hypothetical, but by no means exaggerated case. Let us assume that an owner of 100 acres of unimproved land in Lower Moreland Township desired to subdivide the same into lots. He presents to the commissioners a plan of subdivision which complies with the regulations in every way. The commissioners, however, decide that there should be three acres set aside for park or recreation purposes and they refuse to approve the plan until the park or recreation area is designated thereon. The land owner must then designate on his plan the area desired for the above purposes. He may

mark this area on the plan "to be dedicated" or "not to be dedicated". If he dedicates the land then so far as he is concerned he has no further interest in it and no complaint to make, but if he refuses to dedicate, then for all practical purposes, he has lost his land without compensation. He cannot sell the land or use it for any other purpose than for a park or recreation area. True, the township may take it over by condemnation in which event he will be paid, but there is no obligation on the part of the township to take this step. The land may lay there for years before the township decides to accept the land or condemn it for park purposes.

The law makes a distinction in this respect between roads and parks. In the case of roads the taking is when the land is actually and physically taken for road purposes: Griffin v. City of New Castle, 88 Pa. Superior Ct. 439 (1926).

In the case of parks the taking is when the land is legally appropriated for park purposes and not when possession is taken by the appropriating authority: Com. of Pa. v. Stephens et al., 114 Pa. Superior Ct. 126 (1934).

Reasoning by analogy, when a subdivider is required to designate on his plan a certain portion of his land for park purposes it is to all intents and purposes a taking of the land without compensation.

We are of the opinion that this is not only unreasonable but unconstitutional. It seems to us that there are practical reasons why this requirement of designating land for park or recreational purposes will not promote the safety, morals or welfare of the public. There is little doubt that parks, playgrounds and recreation areas, when properly maintained and policed, promote the welfare of the people, but the first cost of

these improvements is the least and the maintenance cost high. Township commissioners may well hesitate to spend the public money to maintain parks and recreation areas in many places in the township and will not accept them or condemn them. The result will be that these areas designated for park and recreation purposes will become overgrown with weeds and bushes, they will be places for the surreptitious dumping of trash and garbage, and a haven for immoral conduct. Instead of promoting the public welfare, they may adversely affect the public health, safety and morals.

### Decree

And now, August 1, 1951, it is ordered, adjudged and decreed:

1. That ordinance no. 11, entitled the Lower Moreland Subdivision Ordinance of 1950, approved June 12, 1950, and the subdivision regulations adopted by resolution, are invalid and void because they do not comply with the provisions of section 3061 of the Act of May 27, 1949, P. L. 1955.

2. That article XXX (A) of the Act of May 27, 1949, P. L. 1955, so far as it applies to lands abutting on existing streets, as shown on a plan of subdivision, is valid.

3. That article XXX (A) of the Act of 1949, P. L. 1955, so far as it grants to commissioners of townships of the first class the power to require subdividers to designate a portion of the land subdivided for parks, playgrounds and recreation places is unreasonable, constitutes a taking of private property for public purposes without consideration and therefore is unconstitutional and void.

If no exceptions are filed within 15 days of this date the above decree shall become the final judgment of the court.